Ms. Britt is predicating her right to recover against the Hospital on her employee-employer relationship with the Hospital. In my opinion, if she does not have a cause of action under the Workers' Compensation Act against her employer, she does not have a cause of action against the Hospital arising out of the employer-employee relationship. I was not on the Court when Gentry v. Swann Chemical Co., 234 Ala. 313, 174 So. 530
(1937), was decided, and I dissented in Lowman v. Piedmont ExecutiveShirt Manufacturing Co., 547 So.2d 90 (Ala. 1989). Even though stare decisis impels me to follow those cases, it does not require that I expand the holdings in those cases. To impose liability on the Hospital in this case would be a significant expansion of Swann Chemical andLowman.
Although I sympathize with Ms. Britt, I know of no common-law cause of action for injuring oneself by falling asleep while driving one's own vehicle that would be protected by Art. I, § 13, of the Constitution of Alabama of 1901.